IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES CHANCE RICHIE, SHALEWATER SOLUTIONS, LLC, and SHALEAPPS, LLC | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION №:  1:19-cv-00052 |
| v. | § § | |
| HILLSTONE ENVIRONMENTAL PARTNERS, LLC | § § § | JURY DEMANDED |
| Defendant. | § § | |
| _____ | § | |

**JAMES CHANCE RICHIE,
SHALEWATER SOLUTIONS, LLC AND SHALEAPPS, LLC'S
ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT COURT JUDGE AND JURY:

James Chance Richie ("***Richie***"), Shalewater Solutions, LLC and ShaleApps,

LLC file this Original Complaint against Hillstone Environmental Partners, LLC

("***Hillstone***") and shows as follows:

1. JURISDICTION AND VENUE:

2. This is a civil action where the matter in controversy exceeds the sum or value

of $75,000.00, exclusive of interest and costs, and is between citizens of a

State and citizens or subjects of a foreign state or State. Therefore, federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(a). Additionally, the amount in controversy exceeds the sum or value specified by 28 U.S.C. §1332.

3.    Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in McCulloch County, Texas.

4.    <u>PARTIES</u>:

5.    One Plaintiff Richie is an individual. During 2015, 2106 and 2017, Hillstone dealt with Richie at his residence in McCulloch County Texas. The other two Plaintiffs, Shalewater Solutions, LLC and ShaleApps, LLC, are companies owned by Richie.

6.    Defendant Hillstone is a company that does business in Texas and maintains an office at 1515 Wazee Street, Suite 300, Denver, CO 80202-1478.

7.    <u>STATEMENT OF THE CLAIM</u>:

8.    On November 19, 2015, Shalewater Solutions, LLC and ShaleApps, LLC and Richie (jointly "***<u>Plaintiffs</u>***" or "***<u>Sellers</u>***"), and Hillstone Environmental Partners, LLC ("***<u>Hillstone</u>***"), as buyer, entered into an Asset Purchase Agreement (as amended to date, the "***<u>Asset Purchase Agreement</u>***"). The Asset Purchase Agreement essentially involved the sale of a business that

provided environmental management services to the oil and gas industry, including logistics and treatment infrastructure, equipment, services, software and technology (the "***Business***").

9. The Asset Purchase Agreement provided for Hillstone to pay Sellers a fixed amount of money at the closing date in 2015. Additionally, the Asset Purchase Agreement provided for Sellers to receive "Earnout" payments for the calendar years ended 2016, 2017, and 2018 ("***Earnout Payments***").

10. The Earnout Payments were to be calculated based on, in part, the earnings of Hillstone, including the Business, for those respective years.

11. With respect to each Earnout payment, Hillstone was to deliver to Sellers a statement describing the Earnout Payment (each an "***Earnout Statement***"). "No later than March 31, 2017, the Buyer shall cause to be prepared and delivered to the Sellers, a statement, prepared *in good faith*, setting forth the Buyer's calculation of the 2016 Earnout…. No later than March 31, 2018, the Buyer shall cause to be prepared and delivered to the Sellers, a statement, prepared *in good faith*, setting forth the Buyer's calculation of the 2017 Earnout…. No later than March 31, 2019, the Buyer shall cause to be prepared and delivered to the Sellers, a statement, prepared *in good faith*, setting forth

the Buyer's calculation of the 2018 Earnout…." Asset Purchase Agreement, Section 2.7(a) (emphasis added).

12.    Hillstone delivered Earnout Statements to Richie for calendar 2016 and calendar 2017. The Earnout Statements were relied upon by Sellers as to the Earnout Payments for 2016 and 2017. The representations included the 2016 Earnout Statement showed Hillstone generated a loss and that no amount was due in connection with the 2016 Earnout Payment. Likewise, the 2017 Earnout Statement showed Hillstone generated a loss and that no amount was due in connection with the 2017 Earnout Payment. Neither the 2016, nor the 2017, Earnout Statements provided sufficient background or detail to enable Sellers to make an informed decision regarding the amounts shown and calculations claimed. The Earnout Statements, and representations therein, were relied upon by Richie to waive certain rights under the Asset Purchase Agreement.

13.    Richie received preliminary data related to the 2018 Earnout Payment which provided more data than the information provided with the 2016 and 2017 Earnout Statements. Richie considered both the new 2018 data and the earnings of the Business in 2014 and 2015 when Richie was involved in the operations of the Business. The analysis caused Richie to revisit and question

the earnings and calculations in the Earnout Statements for 2016 and 2017. Richie concluded that there may have been material misrepresentations or miscalculations due to Business earnings diverted to other companies and/or improper expenses charged to the Business which adversely affected Business earnings for 2016 and 2017.

14. To conduct a proper due diligence investigation, Richie formally requested Hillstone, in writing, to provide the necessary underlying documentation to determine the veracity of the representations and calculations set forth in the Earnout Statements.  Hillstone would not provide the necessary documents. Richie began seeking the information from Hillstone on or before November 2, 2018 without material cooperation from Hillstone.

15. The *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 167 L.Ed.2d 929 (2007) ("***Twombly***") plausibility standard applies to all civil actions, see *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1952, 173 L.Ed.2d 868 (2009) ("***Iqbal***").  However, Twombly does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, see, e.g. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010).  The Fifth Circuit has upheld the principal that when discoverable information is in

the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in his complaint. *Innova Hospital San Antonio, Ltd. v. Blue Cross*, 892 F. 3d 719 (5th Cir. 2018). See also, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.31 (3rd Cir. 2015) ("Several Courts of Appeals accept allegations 'on information and belief' when the facts at issue are peculiarly within the defendant's possession.").

16.    Thus, it is on information and belief that the representations and calculations in the Earnout Statements delivered for 2016 and 2017 may have been false and the facts are peculiarly within the possession and control of the defendant. The case turns on the content of records held exclusively by the Defendant.

17.    <u>CAUSE OF ACTION № 1: FRAUD</u>:

18.    Hillstone made material representations to Sellers in the Earnout Statement. Sellers reasonably relied on the representations. On information and belief, such statements may have been false. Sellers suffered damages if an Earnout payment should have been made.

19.    At the time the statements were provided, and representations were made, Hillstone was either aware of the falsity of the representations or Hillstone made them recklessly without any knowledge of the truth and as a positive assertion.

20.    <u>REQUEST FOR RELIEF</u>:

21.    Sellers respectfully requests that:

      a.    Hillstone be cited to appear and answer herein;

      b.    Sellers be granted judgment against Hillstone for all actual damages, plus Sellers requests recovery of all his consequential damages and incidental damages, if any.

      c.    Sellers be granted judgment for prejudgment interest, if any, at the maximum amount permitted at law, whichever is both higher and legal, if any, against Hillstone;

      d.    Sellers be granted judgment for all costs of Court against Hillstone;

      e.    Sellers be granted judgment for post-judgment interest, if any, at the maximum amount permitted at law, whichever is both higher and legal, if any, from the date of judgment until paid against Hillstone; and

      f.    Sellers be granted such other and further relief, special or general, legal or equitable, as Sellers may be shown to be justly entitled to receive.

22.    Respectfully submitted this 22nd day of January 2019.


By:  _____

Timothy J. Henderson
State Bar № 09432500
Southern District of Texas №. 955
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

ATTORNEY FOR
JAMES CHANCE RICHIE,
SHALEWATER SOLUTIONS, LLC
AND SHALEAPPS, LLC'S

<u>JURY REQUESTED</u>

OF COUNSEL:

David Loev, Esq.
State Bar No. 24002490
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.524.4110
713.524.4122. (fax)
dloev@loevlaw.com

<u>CERTIFICATE OF SERVICE</u>

   This is to certify that a true and correct copy of the above pleading was served by United States Mail and/or by facsimile and/or by hand delivery and/or electronic delivery upon all persons at the address below on the 22nd day of January 2019.

Reed S. Oslan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
1.312.862.2166
1.312.862.2200 (fax)
reed.oslan@kirkland.com

              _____
              Timothy J. Henderson